IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

Civil Action No. 5:09-cv-80

Dianna Jenkins, )
 )
 Plaintiff, )
 )
vs. ) **COMPLAINT**
 ) JURY TRIAL DEMANDED
Mann Bracken, LLP and )
Axiant, LLC, )
 )
 Defendants. )
 )

Plaintiff alleges as follows:

## INTRODUCTION

This is an action for damages under the Telephone Consumer Protection Act (hereinafter, "TCPA") as found in 47 U.S.C. §227, et. seq.; the Fair Debt Collection Practices Act (hereinafter, "FDCPA") as found in 15 U.S.C. §1692, et. seq., for Prohibited Practices by Collection Agencies and Debt Collectors Engaged in the Collection of Debts from Consumers as found in N.C. Gen. Stat. §58-70 et seq. and N.C. Gen. Stat. §75-50 et seq.

## THE PARTIES

1. Dianna Jenkins (hereinafter, "Plaintiff") is a citizen of the State of North Carolina and resides in Mooresville, in the county of Iredell.

2. Plaintiff is a person as defined in 47 U.S.C. §153(32), a consumer as defined in 15 U.S.C. §1692a(3), a consumer as defined in N.C. Gen. Stat. §58-70-90(2) and a consumer as defined in N.C. Gen. Stat. §75-50(1)

3.	Upon information and belief, Defendant Mann Bracken, LLP (hereinafter, "Mann Bracken") is a foreign corporation whose principal office is located in Rockville, Maryland, who engages in the collection of debts on behalf of third parties in this jurisdiction.

4.	Mann Bracken is a "person" as defined in 14 U.S.C. §153(32), and/or a "debt collector" as defined in 15 U.S.C. 1692a(6), and/or a "collection agency" as defined in N.C. Gen. Stat. §58-70-90(1) and/or, a "debt collector" as defined in N.C. Gen. Stat. §75-50(3).

5.	Upon information and belief, Defendant Axiant, LLC (hereinafter, "Axiant") is a domestic corporation whose principal office is located in Huntersville, North Carolina, who engages in the collection of debts on behalf of third parties in this jurisdiction.

6.	Axiant is a "person" as defined in 14 U.S.C. §153(32), and/or a "debt collector" as defined in 15 U.S.C. 1692a(6), and/or a "collection agency" as defined in N.C. Gen. Stat. §58-70-90(1) and/or, a "debt collector" as defined in N.C. Gen. Stat. §75-50(3).

## JURISDICTION

7.	Jurisdiction of this Court arises under 28 U.S.C. §1332(a).

8.	The matter in controversy exceeds $75,000, and the Plaintiff and one or more of the Defendants are located in different states.

9.	Jurisdiction of this Court concurrently arises under 15 U.S.C. §1692k(d).

## FACTUAL ALLEGATIONS

10.	During the period from 7/20/08 through 8/1/08, inclusive, one or the other or both of the Defendants caused certain telephone calls to be placed to the Plaintiff's cellular telephone, (704) 450-3423 (hereinafter, "telephone"), through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice.

11.	The prerecorded or artificial voice messages left on the Plaintiff's telephone stated, "Hello. This is a message from Mann Bracken, Attorneys at Law.... This is not a sales or telemarketing phone call. To retrieve your message, please call us back at (404) 591-3692. Thank You."

12. The subject messages failed to disclose that the telephone calls were from a debt collector.

13. The subject telephone calls were not placed for an emergency purpose.

14. The subject telephone calls were placed knowingly and/or willfully by one or the other or both of the Defendants to the Plaintiff's telephone.

15. Neither Defendant obtained the express consent of the Plaintiff to place the subject telephone calls to the Plaintiff's telephone, prior to placing said telephone calls.

16. No debt existed between the Plaintiff and one or the other or both of the Defendants at the time of the subject telephone calls, and no contract existed between the Plaintiff and one or the other or both of the Defendants under which payment or performance had not been completed at the time of the subject telephone calls.

17. Neither Defendant, at any time relative to the instant action, had an "established business relationship" with the Plaintiff as defined in Section 75-101(5) of the North Carolina General Statutes.

18. When the subject telephone calls were placed to the Plaintiff, one or the other or both of the Defendants, by placing said calls, were attempting to garner information concerning a "consumer" for the purposes of collecting a debt or alleged debt.

19. The Plaintiff prepays for her cellular telephone phone minutes from a "bucket of minutes" cell phone plan. The Defendants, one or both of them, by placing the subject telephone calls to the Plaintiff's telephone, caused her to exhaust minutes from her cell phone plan, thereby forcing her to incur costs directly attributable to the subject telephone calls.

20. Mann Bracken is not licensed, bonded or otherwise registered with the North Carolina Department of Insurance as a collection agency.

21. Axiant is not licensed, bonded or otherwise registered with the North Carolina Department of Insurance.

22. Defendants Mann Bracken and Axiant work in concert to serve their common clients.

23. Mann Bracken is exclusively dedicated to providing services in concert with Axiant, LLC.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE TCPA

24. The Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

25. The Defendant, one or the other or both of them combined to call the Plaintiff's cellular telephone not less than 13 times between the dates of 7/20/08 through 8/1/08, inclusive, in the manner set forth herein, and in doing so, violated 47 U.S.C. §227(b)(1)(A)(iii) on at least 13 separate occasions.

26. As a result of the Defendants' violations of the TCPA, and pursuant to 47 U.S.C. §227(b)(3)(B), the Plaintiff is entitled to minimum statutory damages of $ 500.00 per violation, with a maximum of $1500.00 per violation.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. The Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

28. The subject telephone calls constitute violations of the FDCPA, to wit:

    a. The telephone calls and subsequent recorded messages failed to include the notice that the communication was from a debt collector in violation of 15 U.S.C. §§ 1692e(11) and/or;

    b. the telephone calls and subsequent recorded messages caused the Plaintiff to incur charges in violation of 15 U.S.C. §§ 1692f(5), and/or;

    c. by attempting to collect a debt or an alleged debt without having a collection agency permit in violation of 15 U.S.C. §§ 1692e and/or 15 U.S.C. §§ 1692f, and/or;

    d. by causing a telephone to ring repeatedly with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §§ 1692d(5), and/or;

    e. by using a name other than the true name of the debt collector's business, company or organization in violation of 15 U.S.C. §§ 1692e(14) , and/or;

f.  by failing to send, within five days of the initial communication, a notice compliant with 15 U.S.C. 1692g(a).

29.  As a result of one or the other or both of the Defendants' violations of the FDCPA, the Plaintiff is entitled to statutory damages of up to $1000.00 per action and reasonable attorney fees.

## THIRD CAUSE OF ACTION
## VIOLATION ON USE OF TELEPHONE EQUIPMENT IN NORTH CAROLINA

30.  Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

31.  The Defendants, one or the other or both of them, placed a minimum of 13 telephone calls to the Plaintiff's cellular telephone in the manner set forth herein, and in doing so, violated N.C. Gen. Stat. §75-104(a).

32.  As a result of Defendants' violations of N.C. Gen. Stat. §75-104(a), Plaintiff is entitled to statutory damages in the amount of $500.00 for the first call, $1000.00 for the second call and $5000.00 for each of the following third through the thirteenth phone calls pursuant to N.C. Gen. Stat. §75-105(b)(2).

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

33.  Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

34.  The Defendants, one or the other or both of them placed calls to the Plaintiff's cellular telephone phone causing her to incur charges as previously detailed herein, and in doing so violated N.C Gen. Stat. §58-70-100(2) and/or N.C. Gen. Stat. § 75-52(2).

35.  Such acts constitute unfair and deceptive acts and practices in the area of commerce as set forth in N.C. Gen. Stat. § 75-1.1.

36.  As a result of Defendants' violations of N.C. Gen. Stat. §58-70-100(2) and/or N.C. Gen. Stat. § 75-52(2), Plaintiff is entitled to statutory damages in the amount of up to $ 2000.00 per violation pursuant to N.C. Gen. Stat. § 58-70-130(b) and /or up to $ 2000.00 per action pursuant to N.C. Gen. Stat. § 75-56, and pursuant to N.C. Gen. Stat. §75-16.1, reasonable attorney's fees in bringing this action.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

37. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

38. The Defendants, one or the other or both of them called Plaintiff's cellular telephone in the manner set forth herein, and in doing so, violated N.C. Gen. Stat. § 58-70-110(2) and/or N.C. Gen. Stat. § 75-54(2).

39. Defendants' acts constitute unfair and deceptive acts and practices in the area of commerce under N.C. Gen. Stat. § 75-1.1

40. As a result of Defendants' violations of N.C. Gen. Stat. §58-70-110(2) and/or N.C. Gen. Stat. § 75-54(2), Plaintiff is entitled to statutory damages in the amount of up to $ 2000.00 per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b) and /or up to $ 2000.00 per action pursuant to N.C. Gen. Stat. § 75-56, and pursuant to N.C. Gen. Stat. §75-16.1, reasonable attorney's fees in bringing this action.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

41. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

42. The Defendants, one or the other or both of them, called the Plaintiff's cellular telephone in the manner set forth herein, and in doing so, violated N.C. Gen. Stat. § 58-70-95(8) and/or N.C. Gen. Stat. § 75-51(8).

43. Defendants' acts constitute unfair and deceptive acts and practices in the area of commerce under N.C. Gen. Stat. § 75-1.1.

44. As a result of Defendants' violations, the Plaintiff is entitled to statutory damages, pursuant to N.C. Gen. Stat. §58-70-130(b), of up to $2000.00 per violation, and/or, pursuant to N.C. Gen. Stat. § 75-56, up to $2000.00 per action, as well as reasonable attorney fees under N.C. Gen. Stat. § 75-16.1.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

45. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

46. The Defendants, one or the other or both of them, placed telephone calls to the Plaintiff in violation of the FDCPA as previously set forth herein.

47. Defendants' violations of the FDCPA constitute "unconscionable means" in an attempt to collect a debt or an alleged debt and as such, violates N.C. Gen. Stat. § 58-70-115 and/or N.C. Gen. Stat. § 75-55.

48. As a result of Defendants' violations, the Plaintiff is entitled to statutory damages, pursuant to N.C. Gen. Stat. §58-70-130(b), of up to $2000.00 per violation, and/or, pursuant to N.C. Gen. Stat. § 75-56, up to $2000.00 per action, as well as reasonable attorney fees under N.C. Gen. Stat. § 75-16.1

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendants, each of them jointly and severally:

1. For statutory damages in the amount of $1500.00 per violation of the TCPA as set forth in 47 U.S.C. 227(b)(3)(B), and;

2. Statutory damages in the amount of $2000.00 per violation of the North Carolina Debt Collection Statutes as set forth in N.C. Gen. Stat. §58-70-130(b), and/or $ 2000.00 per action under N.C. Gen. Stat. § 75-56, and;

3. Damages of $1000.00 per cause of action for violations of the Fair Debt Collection Practices Act, and;

4. Costs and, if and when applicable, attorney's fees pursuant to North Carolina General Statute § 58-70-130(a), North Carolina General Statute § 75-16 ,47 USC 227(b)(3)(C), and 15 U.S.C. 1692k(a), and;

5.  Such other and further relief as the Court deems just and proper under the circumstances.

This the 20th day of July, 2009.

J. Blake Norman
NC Bar 32292
DeWitt Law, PLLC
118 E. Main St. Ste. A
Carrboro, NC 27510
919-338-8200
blake@dewitt-law.com

**NORTH CAROLINA**

**IREDELL COUNTY**

                                                    **VERIFICATION**

_____

        The Plaintiff, DIANNA JENKINS, being first duly sworn does hereby depose and say that: he is the Plaintiff in the foregoing action, that he has read the foregoing COMPLAINT, and hereby verifies all matters set forth as true and exact to the best of his knowledge, except to those matters stated on information and belief and as to those matters he believes them to be true.

This is the 17 day of _____July_____, 2009.

_____
Dianna Jenkins

SWORN TO AND SUBSCRIBED before me

This the 17 day of __July__, 2009

_____
Notary Public

[Notary Seal: FELISHA OLMSTEAD, NOTARY PUBLIC, IREDELL COUNTY]