# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
### 5:09-cv-80

| | | |
|---|---|---|
| DIANNA JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| MANN BRACKEN, LLP, and | ) | |
| AXIANT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    **THIS MATTER** is before the Court on Plaintiff Dianna Jenkins' Motion to Strike Answer of Defendant Mann Bracken, LLP and Motion for Default Judgment (Doc. #24) filed January 14, 2011. The time for filing responsive pleadings has passed and this matter is now ripe for disposition. Plaintiff seeks a default judgment against Defendant Mann Bracken as a Rule 37 sanction for Defendant's ongoing failures to comply with the discovery obligations imposed by the Federal Rules of Civil Procedure and this Court's orders. Because each of the four factors set forth in Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 503-05 (4th Cir.1977), strongly favors the entry of default judgment as a sanction for Defendant's non-compliance, this Court will grant Plaintiff's Motion to Strike Pleadings and Motion for Default Judgment.

## BACKGROUND

    On July 21, 2009, Plaintiff Dianna Jenkins filed a Complaint against Mann Bracken, LLP ("Mann Bracken") and Axiant, LLC ("Axiant") alleging: (1) violation of the Telephone Consumer Protection Act (hereinafter "TCPA") as found in 47 U.S.C. §227, *et.seq.*; (2) violation

of the Fair Debt Collection Practices Act (hereinafter "FDCPA") as found in 15 U.S.C. §1692, *et. seq.*; (3) violation on use of telephone equipment in North Carolina as prohibited by N.C. Gen. Stat. §75-104(a); (4) violation of the North Carolina Debt Collection Statutes as found in §58-70-100(2) and §58-70-130(b); (5) violation of the North Carolina Debt Collection Statutes as found in N.C. Gen. Stat. § 58-70-110(2) and N.C. Gen. Stat. § 75-54(2); (6) violation of the North Carolina Debt Collection Statutes as found in N.C. Gen. Stat. § 58-70-95(8) and N.C. Gen. Stat. § 75-51; and (7) violation of the North Carolina Debt Collection Statutes as found in N.C. Gen. Stat. § 58-70-115 and N.C. Gen. Stat. § 75-55.

On October 21, 2009, Defendant Mann Bracken filed an Answer to Plaintiff's Complaint (Doc. #10), generally denying the allegations of Plaintiff's Complaint and asserting affirmative defenses. On November 17, 2009, Plaintiff filed a notice of her intent to withdraw claims three through seven of her Complaint (Doc. #13), leaving two viable claims before this Court: (1) violation of the TCPA; and (2) violation of the FDCPA. On November 18, 2009 a Pretrial Order and Case Management Plan (Doc. #15) was signed by Magistrate Judge David Cayer. On November 24, 2009, Defendant Axiant filed a Notice of Filing of Bankruptcy and Stay of Proceedings (Doc. #16), informing this Court that Axiant had filed for bankruptcy in the United States Bankruptcy Court for the District of Delaware.

North Carolina Counsel for Defendant Mann Bracken ("North Carolina Counsel") filed a Motion to Withdraw as Attorney for Mann Bracken (Doc. #17) on April 9, 2010. In the motion, North Carolina Counsel represented to this Court that: (1) Mann Bracken advised North Carolina Counsel that it had ceased operations and that it intended to file for bankruptcy; (2) Maryland Counsel represented to North Carolina Counsel that Mann Bracken was ordered into a receivership by the Circuit Court of Montgomery County, Maryland, and that Mann Bracken had

ceased all operations; and (3) North Carolina Counsel's attempts to communicate with Mann Bracken through the Receiver have been met with no response. On April 12, 2010, Magistrate Judge David Cayer entered an Order (Doc. #19) granting North Carolina Counsel's Motion to Withdraw as Attorney. On October 13, 2010 Magistrate Judge David Cayer entered an Order (Doc. #21) setting December 15, 2010 as the deadline to complete discovery. On December 2, 2010, Plaintiff filed a Motion to Compel (Doc. #22), seeking responses to interrogatories, requests for production of documents, and requests for admissions served on Defendant Mann Bracken in February of 2010.

On December 23, 2010, Magistrate Judge David Cayer entered an Order granting Plaintiff's Motion to Compel, [Doc. 23] (hereinafter, the "Order") and instructing Defendant Mann Bracken to serve complete responses to each of Plaintiff's Discovery Requests and to produce all of the documents requested by Plaintiff within 15 days of the Order. A copy of the Order was sent to Defendant, c/o Cheryl Rose, Esq. at 12154 Darnestown Rd., Box 523, Gaithersburg, Maryland 20878. Cheryl Rose has been appointed in Maryland state court to liquidate Mann Bracken's assets and to participate in lawsuits and other actions where Mann Bracken is a participant. See Notice of Case Receivership, Docs. 20 & 21, Case No. 1:09-CV-03086-CAM-JFK (N.D. Ga. Apr. 13, 2010). No "Notice of Case in Receivership" has been filed in this action, and Mann Bracken has not filed a bankruptcy petition in any jurisdiction. Therefore, there is no automatic stay in this case. Mann Bracken has not responded to Plaintiff's interrogatories, requests for production of document, or requests for admissions in violation of the December 23, 2010 Order granting Plaintiff's Motion to Compel. Plaintiff filed a Motion to Strike Answer to Complaint and Motion for Default Judgment (Doc. #24) on January 14, 2011. Four days later, on January 18, 2011, Plaintiff filed a Stipulation of Dismissal (Doc. # 25),

voluntarily dismissing with prejudice Plaintiff's claims against Defendant Axiant, leaving

Defendant Mann Bracken as the only Defendant in this case.

**DISCUSSION**

This Court has authority to impose sanctions against a party for failing to participate in

discovery, including granting a default judgment against the offending party. Fed. R. Civ. P.

37(b)(2)(A)(vi). Further, the Court "must require the party failing to act, the attorney advising

that party, or both" to pay the reasonable expenses caused by the failure, "unless the failure, was

substantially justified or other circumstances make an award of expenses unjustified." Fed. R.

Civ. P. 37(d)(1)(B)(3). While entry of default and default judgment often occur under Rule 55,

the Federal Rules of Civil Procedure make clear that Rule 55 is not the exclusive avenue for

entering a default judgment. Indeed, as Wright and Miller point out:

> Rule 55(a) does not represent the only source of authority in the rules for
> the entry of a default that may lead to judgment. As a result, a party who
> has filed a responsive pleading or otherwise defended still may be found
> in default for noncompliance with the rules at some later point in the
> action. For example Rule 37(b)(2)(C) and Rule 37(d) both provide for the
> use of a default judgment as a sanction for violation of the discovery rules.

10A Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d § 2683, at 19 (3d ed.

1998).[1]

---

[1] Other district courts have found default judgment an appropriate sanction under Rule 37 when faced with similar Defendants who have failed to respond or provided evasive and incomplete discovery responses,. See Mattivi Bros. Leasing, Inc. v. Ecopath Industries, LLC, 2010 WL 5103050 (D. Ariz. Dec. 9, 2010); Klehr, Harrison, Harvey, Branzburg & Ellers, LLP v. Spencer Trask Specialty Group, LLC, 2009 WL 3233800 (E.D. Pa. Oct. 6, 2009); Plumbers Union Local No. 690 v. F.P.S. Plumbing, Inc., 2009 WL 2591153 (E.D. Pa. Aug. 20, 2009); National City P'ship Solutions, Inc. v. Midwest Financial & Mortgage Services, Inc., 2009 WL 170668 (S.D. Ohio Jan. 22, 2009); United States v. Smith, 2009 WL 144904 (W.D. La. Jan. 20, 2009).

Fourth Circuit precedent strongly suggests that a warning and opportunity to comply are prerequisites to rendering a default judgment under Rule 37. See Hathcock v. Navistar Int'l. Transp. Corp., 53 F.3d 36, 40-41 (4th Cir. 1995) ("[A] party 'is entitled to be made aware of th[e] drastic consequence[s] of failing to meet the court's conditions at the time the conditions are imposed, when he still has the opportunity to satisfy the conditions and avoid' the sanction.") (quoting Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993)); see also Anderson v. Found. for Advanc., Educ. and Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir.1998); Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., 872 F.2d 88, 93-94 (4th Cir.1989).

Courts have broad discretion to impose sanctions for abuses of the discovery process, and Rule 37 explicitly makes available the sanction of "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi); see also Fed. R. Civ. P. 37(c)(1)(C), (d)(3). To be sure, the drastic sanction of entering a default judgment is appropriate only "where the party's conduct amounts to flagrant disregard and willful disobedience of discovery orders." United States v. Certain Real Property Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997) (citation omitted); see also Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1542 (11th Cir. 1985) ("Sanctions may also be imposed to punish those guilty of willful bad faith and callous disregard."). A violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal. Id.

In determining whether to impose a particular sanction, a court must consider the four Wilson factors: (1) whether the non-complying party acted in bad faith, (2) the prejudice suffered by the other party, (3) the need for deterrence, and (4) the effectiveness of less drastic

sanctions. <u>Wilson</u>, 561 F.2d at 503-05; <u>accord Anderson v. Found. for Advanc., Educ. and Employment of Am. Indians</u>, 155 F.3d 500, 504 (4th Cir. 1998); <u>Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs.</u>, 872 F.2d 88, 92 (4th Cir. 1989). This Court finds that each of the <u>Wilson</u> factors weighs heavily in favor of rendering a default judgment against Defendant Mann Bracken.

Regarding the first factor, evidence of Mann Bracken's bad faith is strong. In April 2010, as discussed above, North Carolina Counsel for Mann Bracken made numerous representations to this court, including, *inter alia*, that Mann Bracken was represented by Maryland counsel who was unresponsive to North Carolina counsel's communications. In the December 23, 2010 Order granting Plaintiff's Motion to Compel, the magistrate judge specifically warned Defendant Mann Bracken that failure to respond to Plaintiff's discovery requests may result in the imposition of sanctions including, "Defendant being required to pay Plaintiff's costs, including reasonable attorneys' fees, and may also include entry of default judgment." Despite ample opportunity to comply with this clear warning, Defendant Mann Bracken refused to respond. Defendant Mann Bracken's failures "are neither minor nor few and cannot reasonably be attributed to mere oversight or a mistaken but good faith belief that [Defendant complied with the rules of discovery.]" <u>Calkins v. Pacel Corp.</u>, 2008 WL 2311565, *6 (W.D. Va. June 4, 2008) (granting motion for default judgment based on Rule 37 due to Defendants' inadequate and evasive discovery responses).

The second factor of the <u>Wilson</u> test, examining the prejudice suffered by the other party, also weighs in favor of this Court granting Plaintiff's motion for default judgment. Defendant Mann Bracken's non-responsiveness precludes Plaintiff from pursuing her claims. A non-responsive Defendant prejudices a Plaintiff who seeks a determination of her claims on the

merits. Without the ability to obtain the evidence she seeks through discovery, Plaintiff is

hampered in proving her case and has therefore suffered substantial prejudice as a result of

Defendant Mann Bracken's discovery abuses.

The third factor under Wilson, stressing the need for deterrence, similarly weighs in favor

of this Court granting Plaintiff's motion for default judgment. "If litigants routinely followed the

example set by [Defendant] in this case, the civil justice system would be unable to function."

Calkins v. Pacel Corp., 2008 WL 2311565, *7 (W.D. Va. June 4, 2008). The circumstances in

the instant case are similar to, if not worse than, those presented in Mut. Fed. Sav. & Loan

Ass'n, where the Fourth Circuit affirmed a sanction of default judgment and provided guidance

on the need for deterrence:

> Even though the defendants may have made efforts to comply, the attempts were
> lastditch and only offered when it became crystal clear that they were going to lose
> the case unless they did something. In the context here, the things done did not add
> up to an adequate "something." Entrance of default judgment against the defendants
> now is not punishment for their "compliance" as they would have it characterized,
> but an unmistakable message to them and others that the judicial system will not
> tolerate repeated misconduct never wholly remedied in the future. To find otherwise
> would be to send the opposite message that the court may be pushed, ignored and
> defied to the outermost limits so long as the noncomplying party has even an
> inadequate fallback act ready in the wings should the final curtain be falling.

Mut. Fed. Sav. & Loan Ass'n, 872 F.2d at 94.

As to the fourth factor, Defendant Mann Bracken's actions have made clear that a less

drastic sanction would not be effective in securing Mann Bracken's compliance with its

discovery obligations and this Court's orders. As noted in the Magistrate Judge's Order, failure

to respond to discovery requests may result in the imposition of sanctions, including Defendant

being required to pay Plaintiff's costs, including reasonable attorneys' fees, and may also include

entry of default judgment. More than sufficient time has passed since the Magistrate Judge's

Order and neither Mann Bracken, nor Cheryl Rose on behalf of Mann Bracken, has responded to the Order. Defendant Mann Bracken has been afforded more than ample time to respond to Plaintiff's discovery requests and has been warned by this Court of the implications of failure to respond. See Cotton States Mut. Ins. Co. v. Sellars, 2008 WL 4601015, *4 (M.D. Ala. Oct. 15, 2008) ("Defendant . . . displays the requisite bad faith and willfulness to justify entry of default. Defendant . . . ignored the Court's order granting the Motion to Compel . . . [and] Defendant did not comply with the mandated time frame.").

A review of the Complaint confirms that Plaintiff does assert detailed facts which are sufficient to state cognizable claims against Defendant Mann Bracken. Defendant Mann Bracken's non-responsiveness has halted the adversarial dispute resolution process. Defendant Mann Bracken's actions "are just the sort of dilatory tactics for which the default judgment mechanism was made." Cotton States Mut. Ins. Co. v. Sellars, 2008 WL 4601015, at *5. Accordingly, because Defendant Mann Bracken has willfully failed to comply with the December 23, 2010 Order of this Court, Plaintiff's Motion to Strike Answer to Complaint and Motion for Default Judgment (Doc. #24) is **GRANTED.**

## CONCLUSION

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Answer to Complaint and Motion for Default Judgment (Doc. #24) is **GRANTED.**

The following sanctions are hereby entered against Defendant Mann Bracken:

(1) Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(iii), Mann Bracken's pleadings are hereby stricken;

(2) Pursuant to Fed. R. Civ. P. 37 (b)(A)(vi), a default judgment is entered against Defendant Mann Bracken;

(3) Pursuant to Plaintiff's First Cause of Action, Plaintiff is awarded statutory damages in the amount of $19,500 ($1,500 for each of the 13 calls knowingly and willfully placed to Plaintiff's cellular phone in violation of the TCPA);

(4) Pursuant to Plaintiff's Second Cause of Action, Plaintiff is awarded statutory damages in the amount of $1,000 for Plaintiff's violations of the FDCPA; and

(5) Pursuant to 15 U.S.C. § 1692k(a), Plaintiff is awarded reasonable attorney's fees.


Signed: August 23, 2011


Richard L. Voorhees
United States District Judge